**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SuperMedia LLC, a Delaware limited liability company, f/k/a Idearc Media LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Law Offices of Malkin & Associates P.L.L.C., an Arizona professional limited liability company; and Gregory Malkin P.L.L.C., an Arizona professional limited liability company,<br><br>Defendants. | No. CV-12-2491-PHX-LOA<br><br>**ORDER** |

This case is before the Court on Defendant Law Offices of Malkin & Associates PLLC's ("Malkin & Associates") Motion to Quash Service of process predicated upon Rule 12(b)(4), Federal Rule of Civil Procedure ("Fed.R.Civ.P."). (Doc. 10)  Malkin & Associates seeks an order quashing the service of process on it because service of the summons and complaint on "[a] receptionist for Defendant [Malkin & Associates was] not proper service under Federal Rule of Civil Procedure 4(e) because [defense] and opposing counsel did not obtain a waiver." (*Id*. at 1)  All parties have consented to jurisdiction to a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. 14, 16, 18)

After reviewing the parties' briefing and controlling Ninth Circuit authority, *Direct Mail Specialists Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685 (9th Cir. 1987), the Court concludes Malkin & Associates' Motion is without merit and will be denied.

## I. Background

On November 20, 2012, Plaintiff SuperMedia LLC ("Plaintiff"), a Delaware limited liability company, wholly owned by SuperMedia Inc., a Delaware corporation with its principal place of business in Texas, filed this action against Malkin & Associates and Gregory Malkin P.L.L.C. ("Malkin P.L.L.C."), Arizona professional limited liability companies. (Doc. 1)  Plaintiff alleges causes of action for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (*Id*.) The Complaint contends Plaintiff, successor-in-interest to Idearc Media LLC, is the publisher of the Verizon *Yellow Pages*, the *White Pages* telephone directories, and Superpages.com (collectively the "Directories"). (*Id*., ¶ 5 at 1)  From 2009 through 2011, Plaintiff and Malkin & Associates allegedly entered into contracts in which Malkin & Associates agreed to pay Plaintiff a monthly rate in return for Plaintiff's publication of advertisements for Malkin & Associates in several Directories in the Phoenix area.  Each contract is comprised of an advertising agreement signed by Gregory Malkin, a Phoenix attorney, who identified himself as the owner of Malkin & Associates. (*Id*., ¶ 6 at 2) Plaintiff claims Malkin & Associates and its successor, Malkin P.L.L.C., owe Plaintiff $124,135.46 for unpaid advertising published on behalf of Defendants. (*Id*., ¶ 16 at 4)

The Complaint's Wherefore Clause seeks "compensatory, incidental, consequential and/or restitutionary damages," attorneys' fees and costs, prejudgment and post-judgment interest, and such other and further relief as the Court may deem just and equitable. (*Id*., at 6)

Plaintiff predicates subject matter jurisdiction on 28 U.S.C. § 1332, "[b]ecause the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between or among citizens of different states." (*Id*., ¶ 4 at 2)  Venue is based on the general venue statute, 28 U.S.C. § 1391(a)(1) and (2). (*Id.*)

Defendant Malkin & Associates' Motion to Quash Service indicates Plaintiff attempted to serve the summons and complaint on Malkin & Associates by leaving the legal documents with a Malkin & Associates' receptionist. According to Malkin &

1  Associates, "[t]his is not proper service under Federal Rule of Civil Procedure 4(e)
2  because [Gregory Malkin] and opposing counsel did not obtain a waiver." (Doc. 10 at 1)
3  Malkin & Associates contends its "[r]eceptionist [was] not authorized by The LAW
4  OFFICES of MALKIN & ASSOCIATES PLLC to accept service of process in this
5  matter. Counsel for Plaintiff failed to obtain a waiver." (*Id.*) Relying on *Larry M. Rosen*
6  *& Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983), Malkin & Associates
7  argues that service was invalid because "[a] receptionist in one's office, even if
8  authorized to sign for and open all of the mail, is not necessarily authorized to accept
9  service of process." (Doc. 10 at 2)  In *Rosen & Associates*, the District of Columbia held
10 the service of process was invalid when the complaint and summons were sent by
11 registered mail to defendant's corporate address and opened by a receptionist authorized
12 to open letters addressed to defendant, even though the receptionist supposedly delivered
13 a copy of summons and complaint to each defendant. 465 A.2d at 1117.

14      With its Response, Plaintiff provided the Court with the affidavit of William Bilyk,
15 the process server utilized in this case, which describes the manner in which Malkin &
16 Associates was served. (Doc. 12-1, Exhibit "Exh." C at 12-13)  No reply was filed con-
17 testing the facts proffered in Mr. Bilyk's sworn declaration. On November 20, 2012, and
18 upon locating the law office of Malkin & Associates, the process server asked to speak
19 with Gregory Malkin, the statutory agent for Malkin & Associates.[1] (*Id.*, ¶ 6)  A woman,
20 who identified herself as Karen Malkin, told the process server Mr. Malkin was busy and
21 asked if she could assist the process server. (*Id.*) The process server explained he needed
22 to serve legal documents to Mr. Malkin. (*Id.*) Ms. Malkin again said Mr. Malkin was busy
23 and asked if she could accept service from the process server. (*Id.*, ¶ 7)  The process

24

---

25  [1] The public records with the Arizona Corporation indicate Malkin & Associates was
26  administratively dissolved on November 27, 2012. (www.azcc.gov/scripts/cgi/dwispart2.pd,
    last viewed on January 21, 2013)  Pursuant to Rule 201, Fed.R.Evid., a district court may
27  properly take judicial notice of any fact "[c]apable of accurate and ready determination by
    resort to sources whose accuracy cannot reasonably be questioned." *See Coto Settlement v.*
28  *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (district court may properly consider matters
    of public record).

server inquired whether Ms. Malkin was authorized to accept service. (*Id*.) Ms. Malkin told the process server she was authorized to accept service. (*Id*.) Based on her representation she was authorized to accept service, the process server served Ms. Malkin with the complaint, summons, and other legal documents by personally handing her all the documents. (*Id*.)

Notwithstanding the undisputed evidence that Ms. Malkin was authorized to accept service on behalf of Malkin & Associates, Plaintiff argues that service on Malkin & Associates' receptionist was valid and lawful, citing *Direct Mail Specialists*, 840 F.2d 685 (9th Cir. 1987). The Court agrees.

## I. Jurisdiction

Plaintiff predicates subject matter jurisdiction on complete diversity of citizenship and the amount in controversy exceeding $75,000, exclusive of interest and costs, citing 28 U.S.C. § 1332(a)(1). (Doc. 1, ¶ 4 at 2)

## II. Governing Law

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (citation omitted); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying federal pleading rules, and noting that "[i]t is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.") (citation omitted and internal quotation marks omitted)). Because jurisdiction in this case is based on complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, Arizona substantive law applies to this action. *Tucker v. First Md. Sav. & Loan, Inc*., 942 F.2d 1401, 1406 (9th Cir. 1991).

## III. Service

### A. Generally

A federal court lacks jurisdiction over defendants who have not been properly served in accordance with Federal Rule of Civil Procedure 4. *S.E.C. v. Ross*, 504 F.3d

1130, 1138 (9th Cir. 2007). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (citations omitted). "Indeed, 'the purpose of service is to give the defendant notice of the institution of the proceedings.'" *Sweeney v. Darricarrere*, 2009 WL 2132696, at *4 (D. Ariz. July 14, 2009) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, Civil 3d § 1094 at 511). "In determining whether service was valid, whether actual notice was given is 'highly probative.'" *Id.* (citation omitted). "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Direct Mail Specialists*, 840 F.2d at 688 (citation omitted).

Federal Rule of Civil Procedure 12(b) permits a party to assert certain defenses by motion prior to the filing of a responsive pleading such as an answer. Among these defenses are challenges to the sufficiency of process and the sufficiency of service of process pursuant to Rules 12(b)(4) and 12(b)(5), respectively. Rule 12(b) also provides that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Objections to service of process are waived if not timely raised. *Rudolph v. UT Starcom, Inc.*, 2009 WL 248370, at * (N.D. Cal. Feb. 2, 2009) (citing Rule 12(h)(1)); *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3rd Cir. 1998) (citations omitted). When the validity of service is contested, the burden is on the plaintiff to prove that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If a plaintiff is unable to satisfy this burden, a district court has the discretion to either dismiss the action or retain the action and quash the service of process. *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (where service of process is insufficient, "[t]he district court has discretion to dismiss an action or to quash service") (citation omitted).

### B. The Summons

"A motion brought pursuant to Rule 12(b)(4) challenges the form of process [the

- 5 -

summons] itself, rather than the service of process, the latter of which is addressed by Rule 12(b)(5)." *J & J Sports Prods., Inc. v. Torres*, 2011 WL 1586072, at *4 (E.D. Cal. April 25, 2011) (citing, *inter alia*, *McKinney v. Law Office of James Duncan*, 2010 WL 668027, at *2 (N.D. Cal. Feb.19, 2010); James Wm. Moore, 2 Moore's *Federal Practice* § 12.33[3] (Matthew Bender 3d ed. 2010) ("Moving for dismissal under Rule 12(b)(4) challenges the process (or 'summons') itself, rather than service of the process."); *see also Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986) (Rule 12(b)(4) was "designed to challenge irregularities in the contents of the summons [and Rule 12(b)(5) the] irregularities in the manner of delivery of the summons and complaint[.]"), *reversed on other grounds by* 487 U.S. 412 (1988)). Rule 4(a) mandates the contents of a valid federal summons. *See* Rule 4(a)(1)(A)-(G). The content requirements of a federal summons are: it contains the court's and parties' names; is directed to the defendant; states the name and address of the plaintiff's attorney or, if unrepresented, the plaintiff; provides the deadline to respond to the complaint; states the consequences of failing to timely respond to the complaint; and bears the court clerk's signature and seal. *Id*.

Here, Malkin & Associates cites Rule 12(b)(4) as its authority for quashing service, doc. 10 at 1, but it does not identify any defect contained in the summons itself. In fact, the form of Plaintiff's summons employed in the November 20, 2012 service was adequate under Rule 4(a). (Doc. 2)  Rather, Malkin & Associates challenges the validity of how the summons was served, not the summons' contents. The Court believes Malkin & Associates mistakenly relied on Rule 12(b)(4) and intended its dismissal motion be based on Rule 12(b)(5). The Court will analyze Malkin & Associates' motion on this belief.

### C. Service of a Summons

Federal Rule of Civil Procedure 4 governs the service of process. Specifically, Fed.R.Civ.P. 4(h) addresses service on a legal entity, such as a corporation, partnership, or limited liability company, within or outside a judicial district of the United States. It provides that unless otherwise provided by federal law or a defendant's waiver of service

under Rule 4(d) has been filed, a legal entity may be served in any judicial district of the United States as follows:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .

Fed.R.Civ.P. 4(h)(1)(A)-(B). A defendant limited liability company, like Malkin & Associates, may be served with process in Arizona pursuant to Fed.R.Civ.P. 4(h)(1). *See Freemyer v. Kyrene Village II, LLC*, 2011 WL 42681, at *9 (D. Ariz., Jan. 6, 2011); *Rodriguez v. Wright, Scott & Assoc., LLC*, 2009 WL 2730874, at *1 (E.D.N.Y. Aug. 28, 2009) ("In this case, plaintiff had the option of either serving defendant (1) in the specific manner prescribed by Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, or (2) in accordance with either the law of the state where service was made or the law of the state where the court is located.")

## IV. Discussion

In *Direct Mail Specialists*, the Ninth Circuit affirmed the service of process on a legal entity via service on a receptionist in circumstances similar to the case at bar. There, a process server attempted to serve the corporate defendant by leaving the summons and complaint with a receptionist who, unlike here, did not state she was authorized to accept service. 840 F.2d at 687. The defendant did not respond to the complaint, and a default judgment was entered. In a subsequent attempt to vacate the default judgment, the defendant argued that it was not properly served pursuant to Rule 4 because service was made only on the receptionist. *Id*. In affirming the validity of service, the court, discussing the former version of Rule 4(h), which similarly authorized service by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process, stated:

> [D]espite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." . . . .

*Id.* at 688. Applying these service principles to the evidence that the defendant was a small company, the receptionist was the only person in the office when the process server arrived which demonstrated more than minimal responsibility was assigned to her, and evidence existed the appropriate person with the defendant actually received the complaint and summons, the Ninth Circuit held that service of process upon the receptionist satisfied Rule 4. *Id.* at 688–89.

*Direct Mail Specialists* remains valid authority in the Ninth Circuit addressing service of process. *See Spagnolo v. Nadic Network Certified Dentists*, 2011 WL 6012022, at *4-5 (D. Haw. Sept. 21, 2011), *report and recommendation adopted by* 2011 WL 6011803 (D. Haw. Dec. 1, 2011); *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, at *3 (D. Ariz. June 22, 2006). Recently, the Arizona District Court applied the service principles in *Direct Mail Specialists* to the service of process in *United Van Lines, LLC, v. Plains Med. Ctr., Inc.*, 2011 WL 3684516 (D. Ariz. Aug. 23, 2012). In *United Van Lines*, a process server sought to serve a corporate defendant's statutory agent at a corporate office. The process server was met by a receptionist, sitting at the front desk, who told him the process server the person to be served was no longer there. *Id.* at *2. The receptionist then referred the process server to another employee who was not a registered agent or an officer of the defendant. *Id.* The process server spoke with the employee who, like the facts in the case *sub judice*, said she had the authority to accept service for the defendant and accepted the process server's legal documents. *Id.* The defendant moved to dismiss the complaint, claiming the employee was not authorized to accept service on behalf of the corporate defendant. *Id.* at *1.

- 8 -

Applying the service principles of *Direct Mail Specialists*, the district judge upheld the challenged service, finding the defendant was "effectively served" because the receptionist "[w]as sufficiently integrated with [the defendant] to know what to do with the Summons and Complaint[]" and was "[i]n a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service." *Id*. *2. The judge noted the defendant did not argue the proper party did not receive actual notice of the complaint and extenuating circumstances existed, such as, the process server's attempt to serve the proper service agent and his reliance upon the representations made to him. *Id*.

Here, Plaintiff's service on Malkin & Associates is similar to that in both *Direct Mail Specialists* and *United Van Lines*. The process server sought out Malkin & Associates' statutory agent and manager, Gregory Malkin. (Doc. 12-1, Exh. C, ¶ 6 at 13) The process server, however, was not allowed to serve Mr. Malkin because he was told by the receptionist, Karen Malkin, that Mr. Malkin was busy. *Id*. The process server was then informed by Ms. Malkin that she was authorized to accept service so the process server served the receptionist with the service documents. *Id*. at ¶ 7. It is undisputed the statutory agent and manager, Gregory Malkin, received the legal documents served on the receptionist, Karen Malkin, who is likely Mr. Malkin's wife or other close relative with the same last name. It is apparent that the receptionist in Mr. Malkin's law office knew what to do with the legal documents she received, and Malkin & Associates received actual and timely notice of this lawsuit.

**V. Conclusion**

Based on the foregoing, and in light of the liberal construction of Rule 4, the Court finds the receptionist for Defendant Law Offices of Malkin & Associates PLLC, Karen Malkin, was in such a position *vis a vis* Malkin & Associates to render it fair, reasonable and just to imply she had the authority to receive service of process on behalf of Malkin & Associates. Therefore, the Court concludes Plaintiff's service of process on Malkin & Associates' receptionist was sufficient to constitute lawful service on the Law Offices of Malkin & Associates PLLC.

- 9 -

Accordingly,

**IT IS ORDERED** that Defendant Law Offices of Malkin & Associates PLLC's Motion to Quash Service, doc. 10, is **DENIED**. Unless otherwise extended by the Court upon a showing of good cause, Defendants must answer the Complaint on or before **Friday, February 1, 2013**.

Dated this 22nd day of January, 2013.

Lawrence O. Anderson
United States Magistrate Judge