**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SuperMedia LLC, a Delaware limited liability company, f/k/a Idearc Media LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Law Offices of Malkin & Associates P.L.L.C., an Arizona professional limited liability company; and Gregory Malkin P.L.L.C., an Arizona professional limited liability company,<br><br>Defendants. | No. CV-12-2491-PHX-LOA<br><br>**ORDER** |

This matter arises on Plaintiff's Application for Entry of Default against Defendants Law Offices of Malkin & Associates P.L.L.C. and Gregory Malkin P.L.L.C. ("Defendants Malkin"), Defendants Malkins' unauthorized filing of an untimely Answer, and Defendants Malkins' Response and Objection to Entry of Default. (Docs. 22, 24-25)

**I. Background**

On November 20, 2012, Plaintiff commenced this action, alleging causes of action for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (Doc. 1)  Defendants Malkins were properly served with the summons and complaint. (Docs. 8-9)  All parties have consented to jurisdiction to a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. 14, 16, 18)  After denying Defendant Law Offices of Malkin & Associates P.L.L.C.'s Motion to Quash Service of process on January 22, 2013, the Court ordered Defendants Malkins to answer the

Complaint on or before Friday, February 1, 2013. (Doc. 20)  Anticipating Defendants Malkin would file a timely answer, the Court scheduled a Rule 16 scheduling conference for Wednesday, February 20, 2013. (Doc. 21)  Defendants Malkin, however, failed to timely answer, and, on February 4, 2013, Plaintiffs filed an Application for Entry of Default against Defendants Malkin. (Doc. 22)  The Clerk entered Defendants Malkins' defaults on February 5, 2013. (Doc. 23)  No application or motion for default judgment has been filed to date. Three days later, on February 8, 2013, Defendants Malkin filed an untimely Answer, and a separate filing entitled Response and Objection to Entry of Default, which "[m]oves this Court to deny the Application for Default[,]" which has already been entered. (Docs. 24-25)

**II. Defaults and Default Judgments**

Entry of default and default judgment are governed by Federal Rule of Civil Procedure 55. Obtaining a default judgment, however, is a two-step process. *Sierra Nevada Corp. v. Digibee Mobile Ltd*., 2012 WL 1298545, at *1 (D. Nev. April 13, 2012) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)) ("Eitel apparently fails to understand the two-step process required by Rule 55.") (citation omitted). First, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." An entry of default is what a clerk enters when the default is established by affidavit or otherwise. Rule 55(a), Fed.R.Civ.P. Second, after a clerk enters default, a party must seek entry of default judgment under Rule 55(b). Default is not freely granted, however, as a case should, whenever possible, be decided on the merits. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *see also Mattivi Bros. Leasing Inc. v. Ecopath Industries LLC*, 2011 WL 2784609, at *3 (D. Ariz. July 14, 2011) (citing *United States v. Signed Personal Check No. 730*, 615 F.3d 1085, 1091 n. 1 (9th Cir. 2010) (noting that Rule 60(b) is applied less liberally than Rule 55(c) because in the Rule 55(c) context "there is no interest in the finality of the judgment with which to contend").

After a defendant's default has been entered by a clerk pursuant to Rule 55(a), a plaintiff may apply for a default judgment, and, depending upon the nature of relief requested in the complaint and whether the defendant has appeared in the action, judgment may be entered by the clerk or the court. *See* Rule 55(b)(1) and (2), Fed.R.Civ.P. If the party against whom a default judgment is sought has appeared in the action either personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.[1] Fed.R.Civ.P. 55(b)(2); *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). "No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action.". *Wilson v. Moore & Associates, Inc.*, 564 F.2d 366, 368 (9th Cir. 1977). Entry of default judgment, however, is not a matter of right. *Santa Fe Auto Ins. Co., Inc. v. Black*, 2013 WL 310369, at *1 (D. Nev. Jan. 25, 2013) (citation omitted); *Doe I v. Qi*, 349 F.Supp.2d 1258, 1271 (N.D. Cal. 2004). Entry of a default judgment "is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons." *Qi*, 349 F.Supp.2d at 1271 (citing *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause." *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). "What constitutes 'good cause' is within the discretion of the trial court." *FOC Financial Ltd. Partnership v. National City Commercial Capital*, 612 F.Supp.2d 1080, 1082 (D. Ariz. 2009) (granting defendant's motion to set aside default) (citing, *inter alia*, *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("Rule 55(c) frees a court considering a motion to set aside a default entry from the

---

[1] Of course, Defendants Malkin have appeared in this action by Defendant Law Offices of Malkin & Associates PLLC filing its Motion to Quash Service, doc., and by Defendant Gregory Malkin P.L.L.C. filing its Consent to Jurisdiction before a United States Magistrate Judge, doc. 18. *See Greenfield v. Brenner*, 2006 WL 776772, at (E.D. Wash. March 23, 2006) (filing notices of appearance constitute an appearance under Rule 55(b)(2)).

1  restraint of Rule 60(b) and entrusts determination to the discretion of the court."). The
2  burden of proof rests with the moving party. *Franchise Holding II, LLC v. Huntington*
3  *Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). This burden, however, is not
4  "extraordinarily heavy." *TCI Group Life*, 244 F.3d at 700.

5  The Ninth Circuit has identified three factors, which courts consistently refer to as
6  the "*Falk* factors," to consider in a Rule 55(c) good-cause analysis: "(1) whether the
7  plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3)
8  whether culpable conduct of the defendant led to the default." *Brandt*, 653 F.3d at 1111
9  (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Although the burden rests on
10 the moving party, the factors are to be "liberally interpreted" in favor of setting aside
11 default. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986);
12 *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hyrdrolec*, 854 F.2d 1538,
13 1546 (9th Cir. 1988) (*per curiam*) ("philosophy of modern federal procedure favors trials
14 on the merits") (citation omitted). A sufficient finding against the movant on any one
15 factor negates good cause. *See Franchise Holding II*, 375 F.3d at 926 ("As these factors
16 are disjunctive, the district court was free to deny the motion if any of the three factors
17 was true.") (internal citation omitted).

18 **III. Discussion**

19 Because Defendants Malkin have not timely moved for leave to file their Answer
20 out of time pursuant to Rule 6(b), Fed.R.Civ.P., have been defaulted by the Clerk, and
21 have not filed a motion requesting the Court's leave to file or lodge an untimely Answer,
22 it will be stricken *sua sponte* without prejudice. *See Lamarr v. Chase Home Finance,*
23 *LLC*, 2008 WL 4057208 (N.D. Miss. Aug. 26, 2008); *Canady v. Erbe Elektromedizin*
24 *GmbH, 307 F.Supp.2d 2* (D.D.C. 2004). "The proper procedure at this point in the
25 litigation is for Defendants to move to set aside the entry of default." *Arizona Opera Co.*
26 *v. AZ Opera Co.*, 2007 WL 1958779, at *2 (D. Ariz. July 2, 2007). Like the scenario in
27 *Arizona Opera Co.,* although Defendants Malkin have nominally and implicitly moved to
28 set aside the entry of default in their Response and Objection to Entry of Default, they

have not articulated the proper standard under Rule 55(c), explained why their default should be set aside, and provided the requisite "[m]emorandum setting forth the points and authorities relied upon in support of the[ir] motion." *See* LRCiv 7.2(b). Absent a written stipulation between the parties, the Court will only decide a motion to set aside Defendants Malkins' defaults on the merits, using the proper legal standard and controlling authorities. Thus, the Court will overrule without prejudice Defendants Malkins' Response and Objection to Entry of Default.

Based on the foregoing,

**IT IS ORDERED** that Defendants Law Offices of Malkin & Associates P.L.L.C. and Gregory Malkin P.L.L.C.' Answer, doc. 24, is **STRICKEN** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Law Offices of Malkin & Associates P.L.L.C. and Gregory Malkin P.L.L.C.' Response and Objection to Entry of Default, doc. 25, is **OVERRULED** without prejudice.

**IT IS FURTHER ORDERED** that the February 20, 2013 Scheduling Conference is hereby **VACATED**.

Dated this 11th day of February, 2013.

Lawrence O. Anderson
United States Magistrate Judge

- 5 -